IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

VARSHA I. PATEL, et al.,

    Defendants.

Case No. 18-cv-00211-MMC

**ORDER TO SHOW CAUSE**

Before the Court is Magistrate Judge Donna M. Ryu's Report and Recommendation, filed March 28, 2019, by which said Magistrate Judge recommends the Court grant plaintiff Scott Johnson's Motion for Default Judgment, filed July 23, 2018.[1] No objection to the Report and Recommendation has been filed.

Pursuant to General Order 56, plaintiff, having filed his Complaint on January 10, 2018, was required to complete service on defendants Varsha I. Patel ("V. Patel"), Ichharambhai Madhav Patel ("I. Patel"), Shantaben I. Patel ("S. Patel"), and City Center Inn & Suites LLC ("City Center") no later than March 14, 2018. See Gen. Order No. 56 ¶ 1 (requiring plaintiff to "complete service on all necessary defendants within 63 days" of filing complaint). Service was timely effected as to V. Patel and City Center, and plaintiff was given until May 22, 2018, to complete service as to I. Patel and S. Patel. On March 26, 2018, proofs of service were filed, stating the latter two defendants were served on March 15, 2018.

On March 5, 2018, and March 9, 2018, respectively, plaintiff moved for entry of

---

[1] On March 29, 2019, the above-titled action was reassigned to the undersigned.

1  default as to City Center and V. Patel, and, on March 13, 2018, the Clerk of Court
2  entered default as to each of those defendants. Subsequently, on April 18, 2018, plaintiff
3  moved for entry of default as to I. Patel and S. Patel, and, on April 19, 2018, the Clerk
4  entered default as to each of those defendants as well.

5  On July 23, 2018, plaintiff filed an Application for Default Judgment, seeking entry
6  of such judgment against all four defendants. Thereafter, on October 9, 2018, plaintiff
7  was directed to submit supplemental briefing to address, inter alia, "the adequacy of
8  service on [d]efendants." (See Doc. No. 31 at 1:15.) In his supplemental brief, filed
9  October 19, 2018, plaintiff "conced[ed] that service on defendants [I. Patel] and [S. Patel]
10 does not appear to be effective" (see Doc. No. 32 at 2:8-10) and, consequently,
11 "withd[rew] his request for default judgment as to [said] defendants." (see id. at 5:6-7).

12 Following the above proceedings, Magistrate Judge Ryu, as noted above, filed her
13 Report and Recommendation.

14 In light of plaintiff's concession that service was not "effective" with respect to I.
15 Patel and S. Patel (see Doc. No. 32 at 2:10), the Clerk's entry of default as to each such
16 defendant is hereby VACATED. See Brosnan v. Katz, 2017 WL 2180973, at *3 (N.D.
17 Cal. May 18, 2017) (finding good cause to set aside entry of default where defendant was
18 not properly served with process).

19 Further, plaintiff is hereby ORDERED TO SHOW CAUSE in writing and no later
20 than May 17, 2019, why said two defendants should not be dismissed for failure to serve,
21 see Fed. R. Civ. P. 4(m), and, in the event such defendants are dismissed, why the
22 above-titled action should not be dismissed in its entirety for failure to join indispensable
23 parties, see Fed. R. Civ. P. 19.

24 **IT IS SO ORDERED.**

26 Dated: May 1, 2019

MAXINE M. CHESNEY
United States District Judge