IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>VARSHA I. PATEL, et al.,<br><br>    Defendants. | Case No. 18-cv-00211-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Doc. No. 51 |

Before the Court is plaintiff Scott Johnson's ("Johnson") Motion for Default Judgment, brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and filed September 4, 2019.[1] Having read and considered the papers filed in support of the instant motion, the Court rules as follows.[2]

**FACTUAL BACKGROUND**

The following facts are taken from the Complaint:

Johnson is "a level C-5 quadriplegic"; as such, he "cannot walk" and has "significant manual dexterity impairments." (See Doc. No. 1 ("Compl."), filed January 10, 2018, ¶ 1.) Johnson uses a wheelchair and a van equipped to carry it. (See id.)

During the relevant time period, defendants Varsha I. Patel ("V. Patel"), Ichharambhai M. Patel ("I. Patel"), and Shantaben I. Patel ("S. Patel"), in their individual and representative capacities, owned the real property situated at 240 7th Street, San

---

[1] On September 4, 2019, Johnson served each defendant named in the above-titled action with notice of the instant motion. To date, no defendant has filed a response.

[2] By prior order, the Court vacated the hearing on the motion and took the matter under submission.

1  Francisco, California (see id. ¶¶ 2, 7, 8), on which is located the City Center Inn & Suites
2  ("Motel"), a building owned by defendant City Center Inn & Suites LLC ("City Center")
3  (see id. ¶¶ 9, 14, 15).
4      Johnson visited the Motel in June 2016 and September 2017, encountering
5  several discriminatory "barriers" therein. (See id. ¶ 48.) First, the accessible rooms,
6  unlike standard rooms, were not available with more than one bed. (See id. ¶ 23.)
7  Johnson required an accessible room with two beds, as he is assisted by an aide. (See
8  id. ¶ 24.) Second, the single accessible parking space only had a 60-inch access aisle
9  and, consequently, was not accessible for vans. (See id. ¶ 30.) Third, the transaction
10 counter was higher than 36 inches and had no portion lowered to 36 inches for use by
11 people in wheelchairs. (See id. ¶ 41, 42.) Johnson "would like to return and patronize
12 the Motel but will be deterred from visiting until the defendants cure the [barriers]."
13 (See id. ¶ 55.)

## PROCEDURAL BACKGROUND

15     Based on the above allegations, Johnson, on January 10, 2018, filed the instant
16 action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.
17 ("ADA") and the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. ("Unruh Act"), seeking
18 statutory damages, attorneys' fees, costs, and injunctive relief.
19     Subsequently, on February 10, 2018, and February 15, 2018, respectively,
20 Johnson completed service of the summons and complaint on City Center and V. Patel.
21 (See Doc. Nos. 8, 9.) On March 5, 2018, and March 9, 2018, respectively, City Center
22 and V. Patel having failed to respond to the complaint or otherwise appear, Johnson
23 moved for entry of default against said defendants (see Doc. Nos. 10, 11), which default
24 was entered by the Clerk of Court on March 13, 2018 (see Doc. No. 13).
25     Next, on March 26, 2018, Johnson purportedly completed service on I. Patel and
26 S. Patel. (See Doc. No. 15.) On April 18, 2018, Johnson moved for entry of default
27 against said defendants (see Doc. Nos. 18, 19), which default was entered by the Clerk
28 of Court on April 19, 2018 (see Doc. No. 20).

United States District Court
Northern District of California

Default having been entered against City Center, V. Patel, I. Patel, and S. Patel, Johnson, on July 23, 2018, moved for entry of default judgment against all four defendants, seeking an award of statutory damages, attorneys' fees, costs, and injunctive relief. (See Doc. No. 24.) On October 9, 2018, however, Magistrate Judge Donna M. Ryu, the judge before whom the case was then pending, directed Johnson to submit supplemental briefing to address, inter alia, "the adequacy of service on [d]efendants." (See Doc. No. 31 at 1:15.) In his supplemental brief, filed October 19, 2018, Johnson "conced[ed] that service on defendants [I. Patel] and [S. Patel] d[id] not appear to be effective" (see Doc. No. 32 at 2:8-10) and, as a result, "withd[rew] his request for default judgment as to [those] defendants" (see id. at 5:6-7).

Following the above proceedings, Magistrate Judge Ryu, on March 28, 2019, filed a Report and Recommendation, by which said Magistrate Judge recommended the Court grant the motion for default judgment as to City Center and V. Patel. (See Doc. No. 34.) The Magistrate Judge also recommended the Court award statutory damages in the amount of $4000, attorneys' fees in the amount of $2552.50, costs in the amount of $720, and injunctive relief. (See id.)

Thereafter, on March 29, 2019, the instant action was reassigned to the undersigned. (See Doc. No. 35.) As Johnson had conceded service had not been effectuated on I. Patel and S. Patel, the Court, on May 1, 2019, vacated the Clerk's entry of default as to those two defendants, and directed Johnson to show cause why such defendants should not be dismissed for failure to serve. (See Doc. No. 37.) In response thereto, Johnson's counsel filed, on May 17, 2019, a declaration stating service on I. Patel and S. Patel was effectuated on May 14, 2019 (see Doc. No. 42 ¶ 7), and submitted therewith supporting proofs of service (see Doc. Nos. 40, 41). In light of such service, the Court, on May 22, 2019, discharged its order to show cause.
(See Doc. No. 44.)

On June 26, 2019, Johnson again moved for entry of default against I. Patel and S. Patel (see Doc. Nos. 46, 47), which default was entered by the Clerk on June 28, 2019

3

1  (see Doc. Nos. 48, 49). On August 9, 2019, default having been entered against all four
2  defendants, the Court directed Johnson to file a motion for default judgment as to all four
3  defendants. (See Doc. No. 50.) The instant motion followed.

## DISCUSSION

By the instant motion, Johnson seeks entry of default judgment against City Center, V. Patel, I. Patel, and S. Patel, pursuant to Rule 55(b)(2), seeking, as before, an award of statutory damages, attorneys' fees, costs, and injunctive relief.

**A.  Adequacy of Service**

Before entering a default judgment, the Court, at the outset, must determine that each of the defendants was served properly. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (holding court "does not have jurisdiction over a defendant unless the defendant has been served properly" pursuant to Rule 4 of the Federal Rules of Civil Procedure).

For the reasons discussed in the above-referenced Report and Recommendation, the Court finds City Center and V. Patel were served properly on February 10, 2018, and February 15, 2018, respectively. (See Doc. No. 34 at 8:7-10:14.) As to I. Patel and S. Patel, however, the Magistrate Judge did not address the question of service, as Johnson, by that point in the litigation, had withdrawn his motion for default judgment as to those two defendants. The Court now turns to whether I. Patel and S. Patel were served properly.

Rule 4 provides for several methods of service, including any method authorized "pursuant to the law of the state in which the district court is located." See Fed. R. Civ. P. 4(e)(1). Under California law, an individual may be served by substituted service by:

> leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, . . . or usual mailing address . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy . . . to the person to be served at the place where a copy of the summons and complaint were left.

See Cal. Civ. Proc. Code § 415.20(b).

4

1   Here, according to documents described by Johnson as "Public Records" and
2   submitted in support of the instant motion, the last known address of I. Patel and S. Patel
3   was 2620 Skyfarm Drive, Hillsborough, California. (See Doc. No. 51-8 at 15-17, 25-26.)
4   After three failed attempts at personal service on I. Patel and S. Patel at said address,
5   Johnson's process server, on May 12, 2019, left a copy of the summons and complaint
6   with a 45-year-old "Occupant," who was informed of "the general nature of the papers."
7   (See Doc. Nos. 40, 41.) On May 14, 2019, the process server mailed a copy of the
8   summons and complaint by first-class mail with pre-paid postage to I. Patel and S. Patel
9   at the Hillsborough address. (See id.) Given the above-described showing, the Court
10  finds Johnson has effectuated service on I. Patel and S. Patel in accordance with Rule 4
11  and California law and that such service was reasonably calculated to give said
12  defendants actual notice of the proceedings. See Compliance Servs. of Am., LLC v.
13  Houser Holdings, LLC, 2013 WL 4169119, at *5 (N.D. Cal. Aug. 9, 2013) (holding
14  substituted service must be "reasonably calculated to give an interested party actual
15  notice of the proceedings and an opportunity to be heard") (quoting Stafford v. Mach, 64
16  Cal. App. 4th 1174, 1182–83 (1998)).

17  **B.    Jurisdiction**

18  A determination must also be made that the Court has subject matter jurisdiction
19  over the action and personal jurisdiction over each of the defendants. See In re Tuli, 172
20  F.3d 707, 712 (9th Cir. 1999) (holding, where default judgment is sought, court has
21  "affirmative duty to look into its jurisdiction over both the subject matter and the parties").

22  For the reasons discussed in the Report and Recommendation, the Court finds it
23  has subject matter jurisdiction over Johnson's claims and personal jurisdiction over City
24  Center and V. Patel. (See Doc. No. 34 at 6:2-8:5.) The Court next considers whether it
25  has personal jurisdiction over I. Patel and S. Patel.

26  Personal jurisdiction may be either "general" or "specific." See Bristol-Myers
27  Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty., 137 S. Ct. 1773, 1780 (2017).
28  General jurisdiction is appropriate, for example, where a defendant is domiciled or

personally served within the forum. See J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 880 (2011). Johnson does not allege any such basis here. Specific jurisdiction is established if "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Here, I. Patel and S. Patel, as noted, own the real property on which the Motel wherein Johnson encountered discriminatory barriers is located. (See Compl. ¶¶ 8, 15, 48.) Such ownership is sufficient to show I. Patel and S. Patel purposefully availed themselves of the privileges of conducting business activities in California, and that Johnson's claims arise out of said defendants' activities in California. See Square 1 Bank v. Lo, 128 F. Supp. 3d 1257, 1262-63 (N.D. Cal. 2015) (finding, in action to void transfer of real property located in California, personal jurisdiction existed over property owner). Further, as I. Patel and S. Patel have not appeared, they have failed to show the exercise of jurisdiction in the instant action is not reasonable, nor is there any evidence in the record to suggest to the contrary. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (holding burden of showing jurisdiction is not reasonable rests on defendant).

Accordingly, the Court has personal jurisdiction over I. Patel and S. Patel.

**C.  Eitel Factors**

Once the court establishes it has jurisdiction, its "decision whether to enter a default judgment is a discretionary one." See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The factors relevant to such decision include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

1 See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the above-listed factors, courts must take all "factual allegations in the plaintiff's complaint, except those relating to the amount of damages, . . . as true." See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal quotation and citation omitted).

For the reasons discussed in the Report and Recommendation, the Court finds the Eitel factors weigh in favor of entry of a default judgment against City Center and V. Patel (see Doc. No. 34 at 10:16-21:19); for the reasons set forth below, the Court further finds the analysis contained therein is equally applicable to I. Patel and S. Patel.

First, as noted, I. Patel and S. Patel are co-owners of the real property on which the Motel is located and, as a result, are, like V. Patel, subject to the ADA. See 42 U.S.C. § 12182(a) (prohibiting discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation"). Moreover, said defendants are subject to the Unruh Act, as "[a] violation of the right of any individual under the [ADA] . . . also constitute[s] a violation of [the Unruh Act]." See Cal. Civ. Code § 51(f).

Accordingly, the Court finds Eitel factors weigh in favor of entry of a default judgment.

The Court next addresses the relief requested.

**D.  Statutory Damages**

"Whoever . . . makes any discrimination or distinction contrary to [the Unruh Act] is liable for each and every offense for the actual damages, and . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." See Cal. Civ. Code § 52(a).[3] "[P]roof of actual damages is not a prerequisite to recovery of statutory minimum damages." See Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000).

Here, Johnson, as noted, visited the Motel on two occasions, specifically, in June

---

[3] Damages are not available under the ADA. See Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

7

2016 and September 2017, encountering, on each visit, several discriminatory barriers. (See Compl. ¶ 48.) Based thereon, Johnson now seeks $8000 in statutory damages, comprising an award of $4000 for each of the two visits. See Grutman v. Regents of Univ. of California, 807 F. Supp. 2d 861, 869 (N.D. Cal. 2011) (collecting cases wherein courts, in the context of visits to hotels, have granted an award of statutory damages for "each time a plaintiff visits . . . a non-compliant establishment").

Accordingly, Johnson is entitled to $8000 in statutory damages.

### E. Attorneys' Fees and Costs

Pursuant to the ADA, the Court may award reasonable attorneys' fees, as well as costs, to the prevailing party. See 42 U.S.C. § 12205. Here, Johnson, having prevailed on his ADA claim, requests $7940 in attorneys' fees and $720 in costs.

#### 1. Attorneys' Fees

The Ninth Circuit applies the lodestar method to determine reasonable attorneys' fees, "multiplying the number of hours reasonably expended by a reasonable hourly rate." See Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 763 (9th Cir. 2015). A "reasonable" number of hours is "[t]he number of hours . . . [which] could reasonably have been billed to a private client." See Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (alterations in original) (internal quotation and citation omitted). "In determining the reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986). The relevant community is generally the "forum in which the district court sits." See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008).

In her Report and Recommendation, the Magistrate Judge found an award of attorneys' fees was warranted, albeit in an amount less than was sought by Johnson at that time, noting "no explanation [had been] provided for the identity, job title or level of experience for [three] timekeepers," namely, "M. Potter," "I. Masanque," and "M. Melton." (See Doc. No. 34 at 23:24-25.) Johnson's counsel has now filed a declaration

describing, with the exception of M. Melton, the education and level of experience of each such attorney. (See id. at 2-8.)

Further, at this later stage of the litigation, Johnson seeks fees not only for the hours of work initially sought but for the hours incurred thereafter, and, in support of both time periods, Johnson's counsel has submitted a detailed breakdown of the hours expended and hourly rates charged for such work. (See Doc. No. 51-4 at 10-11.) Specifically, at an hourly rate of $650, Mark Potter performed a total of 1.8 hours of work, Russell Handy performed a total of 2.6 hours of work, Phyl Grace performed a total of 2.3 hours of work, and M. Melton performed a total of 1.1 hours of work (see id.); at an hourly rate of $410, Chris Carson performed a total of 0.3 hours of work, Isabel Masanque performed a total of 0.9 hours of work, and Dennis Price performed a total of 5.8 hours of work. (See id.)[4]

In support of his earlier motion, however, Johnson requested hourly rates of $425 for Potter, Handy, and Grace, and $350 for Carson, Masanque, and Price (see Doc. No. 24-3 at 8-9), all of which were found reasonable by the Magistrate Judge, and which, for the reasons set forth in the Report and Recommendation (see Doc. No. 34 at 23:14-22), the Court so finds as well. No explanation has been provided for the substantially higher hourly rates now sought. Moreover, a number of courts in this district, when considering motions for default judgment made by the same attorneys as those here, and for work performed in approximately the same time period, have awarded fees at the hourly rates originally sought in the instant case. See, e.g., Johnson v. Express Auto Clinic, Inc., 2019 WL 2996431, at *8 (N.D. Cal. July 9, 2019) (awarding hourly rates of $425 for Potter, Handy, and Grace and $350 for Masanque and Price); Johnson v. VN Alliance, LLC, 2019 WL 2515749, at *8 (N.D. Cal. June 18, 2019) (awarding hourly rates of $425 for Potter, Handy, and Grace and $350 for Carson and Price); Love v. Griffin, 2018 WL

---

[4] As, once again, the requisite information for M. Melton has not been provided, the Court will deny fees for the work attributed to him.

9

4471073, at *8 (N.D. Cal. Aug. 20, 2018), report and recommendation adopted, 2018 WL 4471149 (N.D. Cal. Sept. 17, 2018) (awarding hourly rates of $425 for Grace and $350 for Price).

Accordingly, the Court will award fees at the hourly rates of $425 for Potter, Handy, and Grace, and $350 for Carson, Masanque, and Price.

The Court next turns to the number of hours expended. In that regard, the Court first notes that, for the same period of time as was covered by Johnson's earlier motion for fees, a different number of hours is claimed. (Compare Doc. No. 24-3 at 7-9 with Doc. No. 51-4 at 9-11.) In some instances, for example, additional hours are now claimed for the same task, and, in other instances, hours for additional tasks have been added. On the other hand, a number of hours have been subtracted from the initial list. No explanation for any of these changes has been made. Nevertheless, since the number of hours subtracted exceeds the number of hours added, the Court will use the current billing statement for both the time period after the case was reassigned to the undersigned and for the earlier time period as well. Having reviewed that statement, the Court finds, with one exception, the hours expended were reasonable, the exception being 0.7 hours of work performed by Grace and described as follows: "Drafted the Request for Entry of Default and supporting declaration as to S[.] Patel and I[.] Patel." (See Doc. No. 51-4 at 10.) As noted, entry of that earlier default was set aside by the Court (see Doc. No. 37), and, in light thereof, the number of hours expended by Grace will be reduced from 2.3 to 1.6. See Chalmers, 796 F.2d at 1210 (holding "hours may be reduced by the court . . . if the hours expended are deemed excessive or otherwise unnecessary").

Accordingly, the Court will award a total of $5000 in attorneys' fees.[5]

//

---

[5] This sum is calculated as follows: (7.8 hours - 1.8 hours x $425 hourly rate) + (7 hours x $350 hourly rate).

10

**2. Costs**

Johnson seeks $720 in costs, consisting of a filing fee in the amount of $400, service of process in the amount of $120, and investigator fees in the amount of $200 (see Doc. No. 51-4 at 9), all of which the Court finds were reasonably incurred.

**F. Injunctive Relief**

Pursuant to the ADA, where removal of challenged "architectural barriers" is "readily achievable," see 42 U.S.C. § 12182(b)(2)(A)(iv), injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities," see 42 U.S.C. § 12188(a)(2). A plaintiff can establish standing for such injunctive relief "by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011).

Here, Johnson, as noted, alleges he intends to return to the Motel (see Compl. ¶ 55) and, by the instant motion, requests an order directing the defendants to "provide compliant van accessible parking, accessible guestrooms and accessible transaction counter at the [Motel]." (See Doc. No. 51 at 2:24-27.) For the reasons discussed in the Report and Recommendation (see Doc. No. 34 at 15:8-16:8, 17:7-15, 19:3-18, 24:12-25:2), the Court finds, as to all four defendants, Johnson is entitled to such injunctive relief, the terms of which are set forth below.

**CONCLUSION**

For the reasons stated above:

To the extent Johnson seeks a default judgment against City Center, V. Patel, I. Patel, and S. Patel, the motion is GRANTED as follows:

1. Johnson shall have judgment against City Center, V. Patel, I. Patel, and S. Patel in the amount of $8000, together with attorneys' fees in the amount of $5000 and costs in the amount of $720.

2. City Center, V. Patel, I. Patel, and S. Patel hereby are directed to provide, in accordance with the 2010 ADA Standards for Accessible Design ("2010 Standards"), see

11

2010 Standards, DEP'T OF JUSTICE, https://www.ada.gov/2010ADAstandards_index.htm (last visited Apr. 14, 2020):

    a. a van-accessible parking space with a 96-inch access aisle; and

    b. at least one accessible room with two beds; and

    c. a transaction counter with a portion lowered to 36 inches.

**IT IS SO ORDERED.**

Dated: April 14, 2020

MAXINE M. CHESNEY
United States District Judge